72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon JACKSON, Jr., a/k/a Juicy, a/k/a Juice, Defendant-Appellant.
 No. 95-5531.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 21, 1995.
Decided Dec. 11, 1995.
 
 Denise Jakabcin Tassi, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Michael E. O'Hare, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Leon Jackson, Jr., appeals his conviction for violating 22 D.C.Code Ann. Sec. 505(a)(1989), assault on a correctional officer. Jackson contends that the Government improperly introduced character evidence during the cross-examination of Jackson and in the rebuttal testimony of another officer. Finding no reversible error, we affirm.
 
 
 2
 * At the time of the charged assault, Jackson was residing in medium security at Lorton Reformatory. On the night of the charged assault, Jackson approached the officer in charge of the dormitory, Corporal Wicker, to request disinfectant to clean his cell. Wicker denied his request. Wicker testified that Jackson became agitated and aggressive and waved one hand near Wicker's face. At that point, Jackson began to hit Wicker with his fists, causing Wicker to lose consciousness. After regaining consciousness, Wicker crawled out of the room through a back door.
 
 
 3
 Jackson testified that it was Wicker who became aggressive and pointed a finger in Jackson's face. Jackson stated that he smacked Wicker's arm away from his face and Wicker immediately charged at him; a struggle ensued. After Jackson disentangled himself from Wicker and began walking away, Wicker charged at Jackson again, and hit Jackson with his fists.
 
 
 4
 Jackson claimed self-defense at trial, and testified that he would not have hit Wicker at all if Wicker had not provoked him. He further stated that he was a gentleman and not the type of person who would hit an officer unprovoked. On cross-examination, the Government questioned Jackson regarding an incident with another correctional officer, Sherman Edwards, occurring earlier in the day. Jackson denied knowing the officer and denied that the incident occurred.
 
 
 5
 On rebuttal, the Government presented testimony by Officer Edwards. Edwards testified that on the morning in question, Jackson lunged at him when he shook Jackson awake, as Edwards does in the mornings. According to Edwards, Jackson approached him approximately ten minutes later and explained that he had been asleep or in a bad mood.
 
 
 6
 Jackson objected to the Government's cross-examination of him regarding the Edwards incident, claiming that it exceeded the scope of direct examination. The district court permitted the questioning as impeachment of Jackson's credibility. Jackson also objected to Edwards's testimony. The district court permitted Edwards's testimony regarding the morning incident as relevant to credibility and the reasonableness of accepting a defense of self-defense.
 
 II
 
 7
 This court gives substantial deference to the evidentiary rulings of the district court. Evidentiary rulings will be reversed only for a clear abuse of discretion. The district court commits a clear abuse of discretion only when the court acts arbitrarily or irrationally. United States v. Moore, 27 F.3d 969, 974 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3348 (U.S. Oct. 31, 1994) (No. 94-6283).
 
 
 8
 A. Cross examination of Jackson.
 
 
 9
 Evidence of character is generally not admissible to show that the person acted in conformity with the character presented on a specific occasion. Fed.R.Evid. 404(a). Evidence of the defendant's character is admissible if it is offered by the defendant. Fed.R.Evid. 404(a)(1).
 
 
 10
 Jackson offered the defense of self-defense to the assault charge. Additionally, he stated that he was a gentleman. On crossexamination he testified that he was not the type of person who would assault an officer unprovoked. These statements tend to bolster Jackson's claim of self-defense and a peaceful nature. This use of character is circumstantial, but nevertheless considered to be character evidence under Rule 404(a)(1). See Notes of Advisory Committee on Rule 404.
 
 
 11
 Jackson contends that the evidence elicited on cross-examination was impermissible character evidence under Fed.R.Evid. 404(b). Rule 404(b) applies, however, when the prosecution seeks to introduce character evidence in its case-in-chief. In Jackson's case, the Government did not offer character evidence until after Jackson asserted his good character. Thus, Rule 404(a) is controlling, not 404(b). Rule 404(b) contains the notice requirement that Jackson claims was violated. Because Rule 404(b) does not apply, this claim is meritless.
 
 
 12
 Jackson also claims that the district court erred when it permitted the Government to question him on cross-examination regarding the lunging incident with Edwards, because that questioning would exceed the scope of direct examination. The extent and scope of cross-examination are within the sound discretion of the trial judge. See United States v. McMillon, 14 F.3d 948, 956 (4th Cir.1994). The court permitted cross-examination on the Edwards incident as impeachment of Jackson's credibility. Jackson's testimony on direct examination tended to portray him as possessing character traits inconsistent with his being guilty of the crime charged. The court's ruling was not arbitrary or irrational and cannot be seen as an abuse of its discretion.
 
 
 13
 B. Rebuttal evidence.
 
 
 14
 When the defendant introduces character evidence, the Government may offer rebuttal character evidence. Moore, 27 F.3d at 974. Once the admissibility of the evidence is established under Rule 404, the form of presentation of the evidence must conform with Rule 405. Notes of Advisory Committee on Rule 404. The Government's method of proof for rebuttal evidence may be by direct testimony of reputation, testimony in the form of opinion, or by inquiry on crossexamination into specific instances of conduct to test the witness's knowledge of reputation. Fed.R.Evid. 405; Moore, 27 F.3d at 974.
 
 
 15
 Although Rule 404(a) entitled the Government to introduce negative character evidence to rebut the positive character evidence offered by Jackson, the Government was required to offer that rebuttal character evidence in the form of reputation or opinion testimony, not specific instances of past conduct. Id. Specific incidents of past conduct may only be used when the character of a person is an essential element of a charge, claim, or defense. Fed.R.Evid. 405(b). The Government used Officer Edwards's testimony only to introduce the lunging incident occurring earlier on the day of the altercation with Wicker. Edwards did not testify as to Jackson's reputation or furnish an opinion as to Jackson's character. Permitting Edwards to testify to a specific incident was error.
 
 III
 
 16
 Any error in the district court's evidentiary rulings is subject to the harmless error test. United States v. Morison, 844 F.2d 1057, 1078 (4th Cir.1988), cert. denied, 488 U.S. 908 (1988). An error is only reversible error if " 'it is probable that the error could have affected the verdict reached by the particular jury in the particular circumstances of the trial.' " Id. (quoting United States v. Davis, 657 F.2d 637, 640 (4th Cir.1981)). The appellant must show that the judgment was substantially swayed by the error. United States v. Heater, 63 F.3d 311, 325 (4th Cir.1995).
 
 
 17
 The admission of Edwards's testimony does not constitute reversible error. Edwards's testimony reveals nothing more than Jackson may have lunged at Edwards when Edwards awakened him on the morning of the altercation with Wicker. There was no physical contact, and Edwards's action afterwards does not reveal that he believed the incident was serious.
 
 
 18
 Further, the remaining evidence against Jackson was sufficient to support the conviction. In its case-in-chief, the Government presented testimony by Wicker, the physician who examined Wicker after the altercation, and a correctional officer who responded to a call about the incident. Jackson was the only person to testify on his behalf. Although the conviction necessarily rests upon a credibility determination by the jury, the erroneously admitted testimony does not cast doubt upon the verdict.
 
 IV
 
 19
 Finding no error requiring reversal of the district court's judgment, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 20
 AFFIRMED.